**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KYLE WESLEY STROLE | ) | CASE NO. 20-80149-JJG-7 |
| LYNDI ANN STROLE | ) | |
| | ) | |
| DEBTORS. | ) | |

## MOTION TO COMPROMISE AND
## SETTLE PURSUANT TO BANKRUPTCY RULE 9019
## AND NOTICE OF OBJECTION DEADLINE

Comes now the Trustee, Lou Ann Marocco ("Trustee") for the bankruptcy estate (the "Estate") of Kyle Wesley Strole and Lyndi Ann Strole (collectively, "Debtors"), by counsel, and files her *Motion to Compromise and Settle Pursuant to Bankruptcy Rule 9019 And Notice of Objection Deadline* (the "Motion") and thereby petitions the Court for authority to settle and compromise certain claims of the Estate against Debtors on the following grounds:

## BACKGROUND

A. Debtors Kyle Wesley Strole and Lyndi Ann Strole ("Debtors") filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on April 7, 2020 the "Petition Date"), in the United States Bankruptcy Court for the Southern District of Indiana as Case No. 20-80149-JJG-7.

B. According to the Debtors' testimony during the first meeting of creditors that occurred in this matter on May 19, 2020, Debtors' grandmother Nellie Wise became deceased on May 4, 2020. According to the Transfer on Death Deed recorded as Document No. 214614 in the Owen County Recorder's Office on November 15, 2018, upon the death of Ms. Wise, Debtors were to receive title to the real estate located at 8209 N. Union School Road, Poland, IN 47868 (the "Real Estate"), the equity

1

in which became property of the Estate pursuant to 11 U.S.C. §541(a)(5)(A), and is therefore subject to turn over to the Trustee pursuant to 11 U.S.C.§ 542.

C. According to a statement produced by the Debtors, the Real Estate was subject to a mortgage in favor of PNC Bank in the amount of $156,994.60 as of May 22, 2020 (the "Mortgage").

D. The Real Estate was purchased by Nellie Wise on May 23, 2018 for $202,500.00.

E. According to a valuation obtained by Debtors, the Real Estate is presently valued at $195,000.00 (the "Value").

F. To the extent the Trustee were to Sell the Real Estate, she would likely incur real estate professional commissions and closing costs of approximately 8%.

G. Taking the $195,000.00 Value, 8% real estate commissions and closing costs, less the $156,994.60 Mortgage, leaves approximately $22,405.40 in equity (the "Equity").

H. On August 28, 2020, the Trustee and Debtors resolved the Equity via a settlement agreement filed with a motion to compromise and settle [Doc. No. 27], pursuant to which the Debtors agreed to pay $21,000.00 (the "Original Settlement Payment") in resolution of the Equity, via sixty (60) monthly payments of $350.00, plus any tax refunds received by the Debtors until the Original Settlement Payment was fully paid (the "Original Settlement Agreement").

I. To date, the Debtors have paid $12,257.31 towards the Original Settlement Payment, leaving $8,742.69 due and owing on the Original Settlement Payment (the "Unpaid Balance").

J. On November 23, 2023, Debtor-Husband, Kyle Wesley Strole, the primary breadwinner for Debtors' household, died. Debtor-Wife Lyndi A. Strole ("Debtor-Wife") is expected to receive a life insurance payment from the death of Debtor-Husband, and would like to use said payment to make a lump sum buyout of the Unpaid Balance in the amount of $5,000.00 (the "Settlement Buyout").

K. The Trustee and Debtor-Wife, without admitting or denying any responsibility or liability, desire to amicably compromise the Estate's interest in the Unpaid Balance of the Original Settlement Payment via payment by Debtor-Wife of the Settlement Buyout.

**AGREEMENT**

1. Debtor-Wife has proposed to pay, and the Trustee has agreed to accept, the total amount of Five Thousand and 00/100 Dollars ($5,000.00) (the "Settlement Buyout") in full and complete settlement of the Estate's claims against Debtors for the Unpaid Balance and otherwise relating to the Equity.

2. Debtor-Wife propose to pay, and the Trustee has agreed to accept, the Settlement Buyout, via lump sum payment made payable to "Lou Ann Marocco, Trustee", and delivered to Lou Ann Marocco, Trustee, P.O. Box 1206, Greenwood, IN 46142 within sixty (60) days of entry of an order granting this Motion.

**RELIEF REQUESTED**

3. By this Motion, the Trustee requests that the Court enter an Order authorizing the Trustee to enter into the Settlement Agreement attached hereto as <u>Exhibit A</u> (the "Settlement Agreement").

**BASIS FOR GRANTING RELIEF**

4. Federal Rule of Bankruptcy Procedure 9019(a) provides that the Court may approve a compromise or settlement after motion by the Trustee, notice to creditors and a hearing. Section 102 of the Bankruptcy Code provides that notice and a hearing means after appropriate notice and opportunity for a hearing, but authorizes action without a hearing if no timely request is made.

8. Approval of a proposed settlement rests solely in the discretion of the bankruptcy court. *Matter of Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992). While the Court must "determine whether

the proposed settlement is fair and equitable and in the best interests of the estate[,]" the Court is not required to conduct a full evidentiary hearing regarding the propriety of settlement. *Depoister v. Holloway Foundation*, 36 F.3d 582, 586-87 (7th Cir. 1994). Stated differently, in reaching a decision on whether to approve a settlement, the Court must make an informed and independent judgment but need not make an independent investigation of the facts and it may give weight to the trustee's informed judgment and consider the competency and experience of counsel supporting the compromise. *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582 (7th Cir. Ill. 1994); *In re Int. Distr. Ctrs., Inc.*, 103 B.R. 420, 422-23 (S.D.N.Y. 1989).

9. Factors relevant to the Court's inquiry include (a) the probability of success in the litigation; (b) the complexity of the litigation, and the expense, inconvenience and delay, and (c) the interest of creditors. *In re Am. Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987).

10. The Trustee believes that the settlement is a reasonable exercise of sound business judgment and is in the best interest of the Bankruptcy Estate because payment of the Settlement Buyout will resolve this matter much more expeditiously than requiring continued monthly payments.

11. NOTICE IS HEREBY GIVEN that any objection to this Motion must be filed with the Bankruptcy Clerk within **21 days** from the date of service [or such other time period as may be permitted by pursuant to Fed.R. Bankr.P. 9006(f)]. Those not required or not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

> United States Bankruptcy Court
> Bankruptcy Clerk
> 101 NW Marin Luther King Jr Blvd
> Evansville, IN 47708

The objecting party must ensure delivery of the objection to the party filing the motion. **If an objection is NOT timely filed, the requested relief may be granted.**

**WHEREFORE,** the Trustee respectfully petitions the Court for an order: (1) approving this compromise and settlement on the terms and conditions set forth in this Motion and described in the attached Settlement Agreement; (2) authorizing the Trustee and Debtor-Wife to execute all necessary documents as required to complete the settlement; and (3) for all other just and proper relief.

Respectfully submitted,
MULVEY LAW LLC
By:   /s/ Joseph L. Mulvey
Joseph L. Mulvey (#30052-49)
MULVEY LAW LLC
133 W. Market Street, No. 274
Indianapolis, IN   46204
(317) 721-1339 | joseph@mulveylawllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2024 a copy of the foregoing Motion to Compromise was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system. I further certify that on January 31, 2024, a copy of the foregoing Motion to Compromise and Settle was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following parties:

Lyndi Ann Strole
8209 N. Union School Road
Poland, IN 47868

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

RECEIVABLES MANAGEMENT
PARTNERS, LLC
PO BOX 20636
INDIANAPOLIS, IN 46220

Orion Portfolio Services II, LLC
10375 Old Alabama Rd Conn
Suite 302
Alpharetta, GA 30022

Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541

Bureaus Investment Group Portfolio No 15 LLC
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541

/s/Joseph L. Mulvey
Joseph L. Mulvey (#30052-49)